**L. J. "Lee" FOLKINS, dba Standard Oil Distributors, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 73-3128.**

United States Court of Appeals, Ninth Circuit.

July 8, 1974.

---

Martin F. Muench, Legal Intern, Robert D. McGoldrick, Spokane, Wash., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, NLRB, Washington, D. C., Charles M. Henderson, Director, Region 19 NLRB, Seattle, Wash., for respondent.

Thomas K. Cassidy, Seattle, Wash., Teamsters, Chauffeurs, Helpers & Delivery Drivers No. 690, Spokane, Wash., for charging party.

Before BROWNING, DUNIWAY and SNEED, Circuit Judges.

## OPINION

PER CURIAM:

L. J. Folkins petitions for review of an order of the National Labor Relations Board finding violation of Section 8(a)(3) and (1) of the National Labor Relations Act. The Board cross-petitions for enforcement of its order. The Board's order is reported at 206 NLRB No. 35.

Folkins is engaged in the distribution of petroleum products under contract with Standard Oil Company of California. On February 12, 1973, the company hired Richard Smith as a tank truck driver. That evening, Smith accompanied three of the company's four other employees to a meeting with union representatives. Smith and two of the other employees ultimately signed union authorization cards. The next morning, February 13, 1973, union representatives visited Folkins and requested recognition. Folkins was non-committal and the union gave the company until the afternoon to respond to the request. That afternoon Folkins discharged Smith.

At the hearing, Folkins presented numerous business justifications for the discharge. However, the Administrative Law Judge and the Board rejected each of the alleged justifications as spurious and contradicted by the evidence.

The critical issue is a factual one, namely the actual motive for Smith's discharge. In determining motive, the Board "may rely on circumstantial as well as direct evidence and its inference and finding must prevail where it is reasonable and supported by substantial evidence on the record considered as a whole." Universal Camera Corp. v. N. L. R. B., 1951, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456.

Circumstantial evidence, including the timing of Smith's discharge, coupled with Folkins' apparently fabricated business justifications, is sufficient to support the Board's findings. See N. L. R. B. v. Council Manufacturing Corp., 8 Cir., 1964, 334 F.2d 161, 164.

Folkins' petition is denied.

The Order of the Board will be enforced.